# Exhibit 1

## State of Michigan, In The Court Of Appeals

## Plaintiff Complaint For Superintending Control

Verbal Arguments Requested

Lower Court Case 12-73990-PP

# Parties

August 5, 2020

Daniel Callahan
380 Lake Street
Fruitport, MI 49415
Plaintiff

Vs.

Honorable Judge Karen Miedema & Honorable Judge Jon Van Allsburg
20th Circuit Court
414 Washington Avenue
Suite 300
Grand Haven, MI 49417
Defendants

Daniel Callahan                    Defense attorney unknown
Plaintiff: In Pro Se
380 Lake Street
Fruitport, MI 49415

_____           _____

Attorney For Plaintiff              Attorney For Defendants

1

## Statement Of Complaint

Plaintiff complains, after 11 weeks, the Defendant(s) have failed to rule upon a properly filed motion dated May 20, 2020, " Respondent Motion For Disqualification Of A Judge / Court Reassignment". The Defendants have failed to rule upon the motion, it is their clear and legal duty to rule upon such motion (Appendices 1).

## Relief Requested

Daniel Callahan, Plaintiff, requests that the Court Of Appeals order Defendants to rule upon the motion identified within the statement of complaint (Appendices 1).

Respectfully submitted,

*[signature]*

Daniel Callahan

August 5, 2020

2

State of Michigan, In The Court Of Appeals

Brief In Support Of Complaint

Verbal Arguments Requested

Lower Court Case 12-73990-PP

## Parties

August 5, 2020

Daniel Callahan
380 Lake Street
Fruitport, MI 49415
Plaintiff

Vs.

Honorable Judge Karen Miedema & Honorable Judge Jon Van Allsburg
20th Circuit Court
414 Washington Avenue
Suite 300
Grand Haven, MI 49417
Defendants

| Daniel Callahan | Defense attorney unknown |
| Plaintiff: In Pro Se | |
| 380 Lake Street | |
| Fruitport, MI 49415 | |

Attorney For Plaintiff     Attorney For Defendants

1

## APPELLANTS BRIEF IN SUPPORT OF COMPLAINT

NOW COMES, Appellant, presenting the Appellant's case for appeal by the State Of Michigan In The Court Of Appeals. Plaintiff filed a proper and timely motion with the Defendants identified within the complaint. The Defendants have failed to rule upon such motion after having been provided 11 weeks to properly rule as required by Michigan Court Rules. Plaintiff requests The State Of Michigan In The Court Of Appeals order Defendants to rule upon the motion.

Respectfully submitted,

*[signature]*

Daniel Callahan

August 5, 2020

**State of Michigan, In The Court Of Appeals**

**Title Page**

Lower Court Case 12-73990-PP

# A Complaint For Superintending Control

State of Michigan, In The Court Of Appeals

Table Of Contents

Lower Court Case 12-73990-PP

# Table of Contents

Index of Authorities ........................................................................................................................ i

Jurisdictional Statement ............................................................................................................... ii

Statement of Questions ............................................................................................................... iii

Statement of Facts ....................................................................................................................... iv

Arguments .................................................................................................................................... v

Relief Requested .......................................................................................................................... vi

Appendices 1 ............................................................................................................................... vii

State of Michigan, In The Court Of Appeals

Index Of Authorities

Lower Court Case 12-73990-PP

# Table of Contents Page i – Index of Authorities

**1. Rule 3.302 Superintending Control**

(A) Scope. A superintending control order enforces the superintending control power of a court over lower courts or tribunals.

(B) Policy Concerning Use. If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed. See subrule (D)(2), and MCR 7.101(A)(2), and 7.304(A).

(C) Writs Superseded. A superintending control order replaces the writs of certiorari and prohibition and the writ of mandamus when directed to a lower court or tribunal.

(D) Jurisdiction.

(1) The Supreme Court, the Court of Appeals, and the circuit court have jurisdiction to issue superintending control orders to lower courts or tribunals.

(2) When an appeal in the Supreme Court, the Court of Appeals, or the circuit court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed.

(E) Procedure for Superintending Control in Circuit Court.

(1) Complaint. A person seeking superintending control in the circuit court must file a complaint with the court. Only the plaintiff's name may appear in the title of the action (for example, *In re Smith*). The plaintiff must serve a copy of the complaint on the court or tribunal over which superintending control is sought. If the superintending control action arises out of a particular action, a copy of the complaint must also be served on each other party to the proceeding in that court or tribunal.

(2) Answer. Anyone served under subrule (E)(1) may file an answer within 21 days after the complaint is served.

(3) Issuance of Order; Dismissal.

(a) After the filing of a complaint and answer or, if no answer is filed, after expiration of the time for filing an answer, the court may

(i) issue an order to show cause why the order requested should not be issued,

(ii) issue the order requested, or

(iii) dismiss the complaint.

(b) If a need for immediate action is shown, the court may enter an order before an answer is filed.

(c) The court may require in an order to show cause that additional records and papers be filed.

(d) An order to show cause must specify the date for hearing the complaint.

**State of Michigan, In The Court Of Appeals**

**Statement Of Jurisdiction**

Lower Court Case 12-73990-PP

# Table of Contents Page ii – Jurisdictional Statement

1. This court has jurisdiction per MCR 7.203 (C)(1)

**State of Michigan, In The Court Of Appeals**

**Statement Of Questions**

Lower Court Case 12-73990-PP

## Table of Contents page iii - Statement of Questions

1. Should the Defendants have properly ruled upon the motion in question as stated within the Plaintiff's complaint as allowed for by Michigan Court Rules and of which is their clear and legal duty?

2. Should the Michigan Court Of Appeals order the Defendants to rule upon the motion in question?

**State of Michigan, In The Court Of Appeals**

**Statement Of Facts**

Lower Court Case 12-73990-PP

# Table of Contents Page iv – Statement of Facts

1. The Defendants identified within the Complaint For Superintending Control have failed to rule upon the motion identified within Appendices 1 which is their clear and legal duty.
   -

**State of Michigan, In The Court Of Appeals**

**Statement Of Arguments**

Lower Court Case 12-73990-PP

# Table of Contents page v – Arguments

**ARGUMENT 1**

I. PRINCIPLE POINT – Plaintiff filed a proper and timely motion with the Defendants who failed to rule upon such motion after 11 weeks have since passed.

II. STANDARD OF REVIEW – Michigan Court Rules.

III. PRESERVATION OF ERROR - Refer to Appendices 1, a proper motion that has been verified as filed on record with the Defendants within the 20th Circuit Court Of Michigan.

IV. ANALYSIS – The Defendants have failed to perform their clear and legal duty.

V. RELIEF REQUESTED – Require the Defendants to perform their clear and legal duty by ordering the Defendants to rule upon the motion.

---

**State of Michigan, In The Court Of Appeals**

**Relief Request Statement**

---

Lower Court Case 12-73990-PP

# Table of Contents Page vi – Relief Requested

Appellant requests The State of Michigan Court of Appeals offer relief with this case under appeal for Superintending Control by the remedy stated below.

1. Plaintiff requests that the Michigan Court Of Appeals order Defendants to rule upon the motion identified within the statement of complaint (Appendices 1).

Respectfully submitted,

*[signature]*

Daniel Callahan

August 5, 2020

---