UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL EDWARD CALLAHAN,

    Plaintiff,

v.

    Case No. 1:20-cv-1170

    HON. JANET T. NEFF

KAREN MIEDEMA, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    Plaintiff Daniel Edward Callahan initiated this action against the Honorable Karen Miedema, the Honorable Jon Van Allsburg, and other unnamed judges of the Ottawa County 20th Circuit Court, alleging violations of his rights under the Eighth and Fourteenth Amendment. Plaintiff "seeks reimbursement for the unnecessary expenses" related to two state court cases (ECF No. 1 at PageID.1).  The Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2) because Defendants have absolute judicial immunity from suit (ECF No. 6).  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 7).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

"It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). The immunity exists "even where a judge acts corruptly or with malice." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). In § 1983 proceedings, judicial immunity can be overcome under only two circumstances: "(1) nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) actions taken in the complete absence of jurisdiction." *Cunningham v Dep't of Children's Servs.*, 842 F. App'x 959, 964 (6th Cir. 2021) (citing *Bright v. Gallia Cnty*, 753 F.3d 639, 648 (6th Cir. 2014)).

Plaintiff's objections are difficult to follow. He suggests that the second exception might apply—that Defendants' actions were taken in the complete absence of jurisdiction (ECF No. 7 at PageID.72). However, Plaintiff has failed to show that Defendants acted without jurisdiction in either of his two state court cases. His conclusory allegations that the orders were unlawful and without jurisdiction are insufficient. Having found no factual or legal error in the Magistrate Judge's analysis, the Court denies Plaintiff's objections and approves and adopts the Report and Recommendation as the Opinion of the Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 7) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's "Request By Motion The Court Allow Plaintiff To Proceed With Electronic Case Document Filing Related To Case 1:20-cv-1170" (ECF No. 11) is DENIED.

Dated:  February 17, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge